In re Pearl D. SWIFT, Debtor.

Pearl D. SWIFT and Richard V. Fink, Trustee, Plaintiffs,

v.

Jay APPLESON, Defendant.

Bankruptcy No. 87–05462–W–13.
Adv. No. 88–0064–W–13.

United States Bankruptcy Court, W.D. Missouri.

April 21, 1988.

7. Cf. *Matter of Kinney,* 16 B.R. 664 (Bkrtcy.W.D. Mo.1981).

Gerald L. Thompson, Kansas City, Mo., for plaintiffs.

Thomas T. Wood, Independence, Mo., for defendant.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtor filed her Chapter 13 proceeding on December 22, 1987, at 1:30 P.M. and followed same with an adversary action under 11 U.S.C. § 548 on February 9, 1988. The adversary sought to set aside a foreclosure that occurred at 2:00 P.M. on December 22, 1987, some 30 minutes subsequent to the filing of the petition in bankruptcy. At the hearing, the reason for this unique approach to the setting aside of a post petition foreclosure (in apparent direct contravention of the automatic stay) became clear. In September of 1986, the holder of the note secured by the first deed of trust on debtor's residence started foreclosure proceedings. Debtor did not have the funds to bring the note current and on the Court House steps made an agreement with Jay Appleson to forestall the foreclosure. Appleson delivered to her the money to bring the note current. Debtor gave Appleson a warranty deed to the property, and Appleson gave debtor a six month option to repurchase the property. All of these documents were dated September 23, 1986. There was evidence introduced that indicated debtor was to continue to live in the property as long as she made the payments on the first deed of trust as well as a second deed of trust to the Small Business Administration or else paid $300.00 per month rent to Appleson.

Debtor did not exercise her option by April 2, 1988 (or ever) and debtor did not keep the payments current on the two deeds of trust, which led to the December 22, 1987 foreclosure by the holder of the first deed of trust. Needless to say, Appleson bid in the property at the December 22, 1987 foreclosure. He now seeks to lift the automatic stay to begin eviction proceedings while debtor seeks relief under 11 U.S.C. § 548(a)(2)(A).

■ Obviously a foreclosure which takes place some 30 minutes after the filing of a petition for relief would normally be void because of the violation of the automatic stay. However, if debtor was not the owner of the property being foreclosed, then the automatic stay of 11 U.S.C. § 362 does not protect the property belonging to a third party even though at one time the debtor had an interest in said property. Thus the Court has no power to declare this foreclosure void and declines to do so. The automatic stay is designed to protect the debtor, the estate and property of the estate only. Were the Court to declare the foreclosure void, the effect would merely be to reinstate the deed of trust as a lien but the title to the property would be in Appleson and not in the debtor or the estate.

■ That leads to consideration of the § 548(a)(2)(A) relief sought. The transfer which debtor seeks to avoid is one founded on the "technical" fraudulent transfer under § 548(a)(2)(A) rather than the "actual" fraudulent transfer under § 548(a)(1). The importance of this distinction goes to the time element or length of backward reach that a trustee or a debtor can exercise under § 548. That backward reach is limited to one year on the "technical" fraudulent transfer because the cases which permit the trustee or debtor to use longer state statutes for fraudulent conveyances or fraudulent transfers would not be avail-

able absent proof of actual fraud as required by same.

Since the trustee or debtor can only reach back one year, once again this Court is powerless to set aside the transfer of the property. The transfer occurred on September 23, 1986, when debtor delivered the warranty deed to Appleson. That event occurred some fifteen months prior to the filing of the petition for relief. As of that date, debtor had only her option rights which required an affirmative act on her part and which expired in April of 1987 by her failure to take affirmative action. Debtor's only claim to the premises after April was as a tenant and apparently as a nonpaying tenant at that.

The Complaint of debtor is DENIED. The stay is lifted to allow Appleson to begin eviction proceedings but execution thereof is stayed so long as debtor pays to Appleson the sum of $300.00 per month beginning May 1, 1988.

This Opinion constitutes Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.